THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THE NOOKSACK INDIAN TRIBE,<br><br>Plaintiff,<br>v.<br><br>RYAN K. ZINKE,[1] *et al.*,<br><br>Defendants. | CASE NO. C17-0219-JCC<br><br>ORDER GRANTING INTERVENORS' MOTION TO INTERVENE |

This matter comes before the Court on 271 Nooksack Tribal Members'[2] motion to intervene (Dkt. No. 14). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion for the reasons explained herein.

## I. BACKGROUND

This matter arises out of the U.S. Department of the Interior's (DOI) decisions not to recognize any actions taken by the Nooksack Indian Tribal Council after March 24, 2016. (*See* Dkt. No. 1.) Plaintiff the Nooksack Indian Tribe[3] brought this action against various members of

---

[1] On March 1, 2017, Ryan K. Zinke was sworn into office as Secretary of the Interior. He is therefore substituted for Kevin "Jack" Haugrud, formerly Acting Secretary of the Interior, pursuant to Federal Rule of Civil Procedure 25(d).

[2] Intervenors proposed this name designation in their proposed order. (Dkt. No. 14-3.) By adopting this title, the Court expresses no opinion on the merits of the case.

[3] The Government contends that the Nooksack Indian Tribe is not truly before the Court. (Dkt. No. 26.) The Government contends that an "unelected, unrecognized, and illegitimate group," it refers to as "the Kelly Faction,"

ORDER GRANTING INTERVENORS' MOTION
TO INTERVENE
PAGE - 1

the DOI and its bureaus (collectively referred to as federal Defendants) to challenge the DOI's decisions and compel federal Defendants "to fully fund contracts awarded to the Tribe." (Dkt. No. 1 at ¶ 1.) Among the actions the DOI refused to recognize was the disenrollment of 306 members of the Nooksack Tribe. (*Id.* at ¶¶ 30–44.) Some of the disenrolled members have another pending action before this Court, arising out of the same set of facts. *See Rabang v. Kelly*, C17-0088-JCC. Now, 271 of the disenrolled Nooksack Tribal Members[4] bring this motion to intervene in this separate action. (Dkt. No. 14.) Intervenors argue they may intervene as a matter of right or, in the alternative, the Court should allow permissive intervention. (*Id.*) Federal Defendants do not oppose this motion. (Dkt. No. 18.) Plaintiff, however, opposes the intervention. (Dkt. No. 22.)

## II.     DISCUSSION

### A.     Intervention as a Matter of Right

Pursuant to Federal Rule of Civil Procedure 24(a)(2), a "party seeking to intervene as of right must meet four requirements: (1) the applicant must timely move to intervene; (2) the applicant must have a significantly protectable interest relating to the property or transaction that is the subject of the action; (3) the applicant must be situated such that the disposition of the action may impair or impede the party's ability to protect that interest; and (4) the applicant's interest must not be adequately represented by existing parties." *Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003), *as amended* (May 13, 2003). In general, courts liberally construe Rule 24(a) in favor of potential intervenors. *California ex rel. Lockyer v. United States*, 450 F.3d 436, 440 (9th Cir. 2006).

//

---

is the group before this Court. (*Id.* at 3.) The Court's decision to refer to Plaintiff as the Nooksack Indian Tribe expresses no opinion on the merits of either party's arguments as to the legitimacy of the Tribal Council. As such, the Court will refer to the Tribe as Plaintiff.

[4] Again, the Court expresses no opinion on the legitimacy of the disenrollment by referring to these potential intervenors as "disenrolled members." For the remainder of the order, they will be referred to as Intervenors.

1. Timely Motion

The parties agree that Intervenors' motion to intervene is timely. Therefore, the Court will move on to consider the other three factors, all of which must be met to allow for intervention as a matter of right. *Arakaki*, 324 F.3d at 1083.

2. Protectable Interest

"An applicant has a 'significant protectable interest' in an action if (1) it asserts an interest that is protected under some law, and (2) there is a 'relationship' between its legally protected interest and the plaintiff's claims." *Lockyer*, 450 F.3d at 441 (quoting *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998)). The Supreme Court has yet to provide a clear definition of an interest that satisfies Rule 24(a)(2). *See Arakaki*, 324 F.3d at 1084 (stating that the phrase "significantly protectable" is not a term of art in law and "sufficient room for disagreement exists" over its meaning). However, the Ninth Circuit views the "interest test" as "primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process." *In re Estate of Ferdinand E. Marcos Human Rights Litig.*, 536 F.3d 980, 985 (9th Cir. 2008) (internal quotes omitted).

Intervenors' proposed intervention is primarily based on their interest in tribal membership. (Dkt. No. 14 at 14.) Plaintiff argues, however, that the correct venue for the determination of tribal membership lies exclusively with the Nooksack Indian Tribe, as federal courts do not have jurisdiction over tribal law disputes. (Dkt. No. 22 at 5–7.) However, the Ninth Circuit has rejected the notion that Rule 24(a)(2) requires a specific legal or equitable interest. "[A] party has a sufficient interest for intervention purposes if it will suffer a practical impairment of its interests as a result of the pending litigation." *Lockyer*, 450 F.3d at 441. Here, it is unquestioned that Intervenors have an interest in this matter because the validity of their disenrollment is at stake. Although the Court does not have the power to review tribal membership decisions, the Court does have the power to review the DOI's decision not to recognize the disenrollment actions. Therefore, Intervenors have demonstrated a sufficient

interest.

As for the second prong, the resolution of Plaintiff's claims must actually affect Intervenors. *Arakaki*, 324 F.3d at 1084. For example, the Ninth Circuit found that the National Audubon Society's interest in the preservation of birds and their habitat gave it the right to intervene in a suit brought by a non-profit organization dedicated to multiple use management of public lands against the DOI. *Sagebrush Rebellion, Inc. v. Watt*, 713 F.2d 525, 527–28 (9th Cir. 1983) ("An adverse decision in this suit would impair the society's interest in the preservation of birds and their habitats."). There is no doubt that Intervenors' interests are related to Plaintiff's claims. If federal Defendants prevail, Intervenors' interest in membership will be directly affected. Additionally, Intervenors' economic interest in the contracts and services rendered to tribal members are issue in the underlying matter. Therefore, the Court concludes that Intervenors have a significantly protectable interest in this action.

3. <u>Impairment of the Interest</u>

Intervenors' interests are impaired if resolution of the matter "may as a practical matter impair or impede their ability to safeguard their protectable interest." *Smith v. Los Angeles Unified Sch. Dist.*, 830 F.3d 843, 862 (9th Cir. 2016). "Even if this lawsuit would affect the proposed intervenors' interests, their interests might not be impaired if they have other means to protect them." *Lockyer*, 450 F.3d at 442 (internal quotations omitted). However, where intervenors have "no alternative forum where they can mount a robust defense," intervention in the case at issue is proper. *Id.*

Intervenors argue that their interest in membership and the contracts and services rendered to Tribal members would be impacted or impeded by the resolution of this action. (Dkt. No. 14 at 14.) Plaintiff counters that the lawsuit affects Intervenors' interests, but does not impair them because Intervenors have other means to protect these interests. (Dkt. No. 22 at 7.) While it is true that some of the Intervenors brought different actions in different courts, notably a complaint before this Court alleging Racketeer Influenced and Corrupt Organizations Act

violations against many of the remaining Nooksack Tribal Council members, [5] there is "no alternative forum where they can mount a robust defense" of the DOI's decisions not to recognize Plaintiff's actions. Additionally, this Court is the appropriate court for resolution of the dispute partially because the Nooksack tribal judiciary's legitimacy after March 24, 2016, is in question. Therefore, the Court concludes Intervenors' interests would be impaired by the resolution of this matter.

   4. Adequate Representation

In order to determine the adequacy of representation, the Court considers "(1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect." *Arakaki*, 324 F.3d at 1086. The burden on proposed intervenors to show that the current representation is inadequate "is minimal, and would be satisfied if they could demonstrate that representation of their interests 'may be' inadequate." *Id.* (quoting *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972)). However, as is the case here, when the would-be intervenor shares the same interest as a government entity party, absent a "very compelling showing to the contrary," it is presumed that the government entity adequately represents the intervenor. *Id.* at 1086. This presumption can be overcome if the intervenor makes a showing of distinct "parochial interests." *Citizens for Balanced Use v. Montana Wilderness Ass'n*, 647 F.3d 893, 899 (9th Cir. 2011).

Intervenors essentially argue that it is unlikely that federal Defendants will make all of Intervenors' arguments or make arguments that serve all of Intervenors' interests. (Dkt. No. 14 at 16–19.) However, they fail to point to specific and distinct differences in interests. Essentially, both federal Defendants and Intervenors are interested in enforcing the DOI opinion letters that invalidated Plaintiff's actions. Without more than conclusory allegations that there will be

---

[5] *Rabang v. Kelly*, C17-0088-JCC.

inadequate representation, Intervenors have not demonstrated compelling reasons to overcome the presumption that federal Defendants adequately represent them. In fact, federal Defendants' opposition to Plaintiff's pending motion for a preliminary injunction is a forceful condemnation of Plaintiff's actions. (*See* Dkt. No. 26) (referring to Plaintiff as an "unelected, unrecognized, and illegitimate group" and alleging it has "used its *de facto* control to systematically abridge the rights of a disfavored group of tribal members, thereby depriving many of them of their right to fully participate in and receive benefits under federal programs"). Moreover, federal Defendants have also moved to dismiss the entire action with prejudice. (*Id.*) Taken together, the Court concludes that Intervenors have not meet their burden in regards to proving inadequate representation.

Therefore, Intervenor's motion to intervene as a matter of right is DENIED because the inadequate representation requirement is not met.

### B. Permissive Intervention

Pursuant to Federal Rule of Civil Procedure 24(b)(1)(B), the Court "may grant permissive intervention where the applicant for intervention shows (1) independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense, and the main action, have a question of law or a question of fact in common." *Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 839 (9th Cir. 1996). Once the conditions for permissive intervention are met, intervention rests in the sound discretion of the Court. *Donnelly*, 159 F.3d at 412.

1. Independent Grounds for Jurisdiction

Generally, permissive intervention requires independent jurisdictional grounds. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 473 (9th Cir. 1992). However, an independent jurisdictional basis is not required when "intervenors do not seek to litigate a claim on the merits." *Id.* (holding that permissive intervention is the proper method to modify a protective order where the intervenors did "not ask the district court to rule on additional claims or seek to become parties to the action"). It remains an open question whether a separate ground for federal

jurisdiction is necessary if the permissive intervenor merely seeks to join claims already before a court. Yet, the Ninth Circuit has indicated, in dicta, that an independent ground for jurisdiction is not required when a party seeks to join claims already before a court and does not seek to interject new claims. *Blake v. Pallan*, 554 F.2d 947, 956 (9th Cir. 1977). Moreover, in a case also involving an American Indian tribe, the Supreme Court found that the tribe's permissive intervention was appropriate because the tribe did not "seek to bring new claims or issues . . . , but only ask[ed] leave to participate in an adjudication of their vital water rights that was commenced by the United States." *Arizona v. California*, 460 U.S. 605, 614 (1983).

Here, Intervenors argue they do not "raise any additional claims, but only seek resolution of existing claims." (Dkt. No. 24 at 5; Dkt. No. 14 at 22.) Plaintiff counters that the remedy Intervenors ultimately seek, tribal membership, is impossible for this Court to have jurisdiction over. (Dkt. No. 22 at 11.) Although it would not have jurisdiction over tribal membership decisions, those kinds of claims are not currently before the Court. (*See* Dkt. No. 1 at 17–20) (making claims for declaratory and injunctive relief and alleging federal Defendants violated the Administrative Procedures Act). Intervenors' claims and interests are limited to what is currently before the Court because they cannot and do not raise their own independent claims regarding tribal membership. This is exactly the type of case where independent grounds for jurisdiction are not necessary. *See Arizona*, 460 U.S. at 614. Therefore, the Court concludes that under these set of facts, where disenrolled tribal members are seeking to intervene to defend claims alleged against the DOI and do not raise their own independent claims, independent grounds for jurisdiction are not required.

    2. <u>Timely Motion</u>

The parties agree that Intervenors' motion to intervene is timely.

    3. <u>Common Question</u>

The existence of a common question of fact is liberally construed. *See Kootenai Tribe of Idaho v. Veneman*, 313 F.3d 1094, 1108–09 (9th Cir. 2002) *abrogated on other grounds by*

*Wilderness Soc. v. U.S. Forest Serv.*, 630 F.3d 1173 (9th Cir. 2011). It is undisputed that Intervenors' interest in this action arises from the same set of facts as Plaintiff's claims. Intervenors' tribal membership was revoked during the period in which the DOI refused to recognize decisions made by Plaintiff. (Dkt. No. 1 at ¶¶ 30–44.) Therefore, the Court concludes that there are common questions of fact.

Because Intervenors have established the requirements for permissive intervention, the Court may allow intervention if it so chooses. "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). The Court may also consider "the nature and extent of the intervenors' interest, their standing to raise relevant legal issues, the legal position they seek to advance, and its probable relation to the merits of the case." *Spangler v. Pasadena City Bd. of Ed.*, 552 F.2d 1326, 1329 (9th Cir. 1977) (internal citations omitted). Here, the Court sees no reason why intervention would be inappropriate. The intervention will not cause undue delay and Intervenors have a very probable relation to the merits of the case. Moreover, the Supreme Court has indicated that American Indian tribes' "participation in litigation critical to their welfare should not be discouraged." *Arizona*, 460 U.S. at 615. Therefore, the Court concludes that Intervenors' motion for permissive intervention is GRANTED.

## III. CONCLUSION

For the foregoing reasons, Intervenors' motion for permissive intervention (Dkt. No. 14) is GRANTED. The 271 Nooksack Tribal Members shall be made a Defendant-Intervenor in this action. The answer attached to the motion to intervene, (Dkt. No. 14-2), shall stand as the answer in intervention of the 271 Nooksack Tribal Members in this action.

//

//

//

//

DATED this 11th day of April 2017.

*John C. Coughenour*
John C. Coughenour
UNITED STATES DISTRICT JUDGE