THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THE NOOKSACK INDIAN TRIBE,<br><br>Plaintiff,<br><br>v.<br><br>RYAN K. ZINKE, *et al.*,<br><br>Defendants. | CASE NO. C17-0219-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiff's motion for reconsideration (Dkt. No. 45) of the Court's Order denying Plaintiff's motion for preliminary injunction and granting Defendants' motion for summary judgment (Dkt. No. 43). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES the motion for the reasons explained herein.

I. **BACKGROUND**

The factual background of this case has been described in detail in a previous order (Dkt. No. 43 at 1–6.) This lawsuit was initiated by members of the Nooksack Tribal Council, including "holdover" members who continued to occupy their seats on the Council after their terms expired in March 2016. (*Id*. at 3.)[1] Defendants consist of the Department of the Interior ("DOI"), Bureau

---
[1] The Court will refer to the Plaintiffs as the holdover Council for clarity.

ORDER
PAGE - 1

of Indian Affairs ("BIA") and members of the agencies' leadership. (*Id.* at 2.)

On May 11, 2017, the Court granted Defendants' motion for summary judgment, holding that it did not have subject matter jurisdiction because the holdover Council lacked authority to bring its claims on behalf of the Tribe during the period where DOI had refused to recognize tribal leadership. (*Id.* at 10.) The Court subsequently denied Plaintiff's motion for a preliminary injunction. (*Id.* at 11.)

Plaintiff filed a motion for reconsideration and Defendants responded. (Dkt. Nos. 45, 47.) Before the Court addressed the motion, the parties filed a joint motion for a 120-day stay of proceedings. (Dkt. No. 49.) The Court granted the stay and the parties filed a joint status report at the end of the 120-day period. (Dkt. Nos. 51, 54.) During the stay, the parties conducted negotiations that resulted in the execution of a Memorandum of Agreement ("MOA") between Robert Kelly, the Chairman of the Tribal Council, and Michael Black, the Acting-Assistant Secretary of Indian Affairs. (Dkt. No. 54 at 2.)

The MOA outlines a process through which the federal government will once again recognize the Nooksack Tribal Council as the governing body of the Nooksack Tribe. (Dkt. No. 54-1 at 1–2.) Under the MOA, the Tribe must hold a special election and the results must be endorsed by the BIA. (*Id.* at 2.) In addition, the MOA reiterated that DOI only recognizes actions taken by the Nooksack Tribal Council prior to March 24, 2016 when a quorum existed. (*Id.* at 1.) The special election is scheduled for December 2, 2017. (Dkt. No. 54 at 4.) In the parties' joint status report, Plaintiff asked the Court to immediately renote its motion for reconsideration. (*Id.* at 6.)

## II. DISCUSSION

### A. Plaintiff's Motion for Reconsideration

"Motions for reconsideration are disfavored. The Court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable

diligence." Local Rule 7(h)(1). Motions for reconsideration are not the place for parties to make new arguments or to ask the Court to rethink what it has already thought. *Richard v. Kelsey*, C09-5253-FDB, slip op. at 1 (W.D. Wash. Nov. 9, 2009).

Plaintiff does not present new facts or legal authority to support its motion. Rather, it argues that the Court's ruling represented both manifest error and a manifest injustice. (Dkt. No. 45 at 2.)

1. The Court's Ruling was not Manifest Error

Plaintiff asserts that the Court committed manifest error because it did not defer to the Tribe's reasonable interpretation of tribal law in ruling that a holdover Council could bring suit on behalf of the Tribe. (Dkt. No. 45 at 4.) The Court disagrees.

Plaintiff is asking the Court to construe tribal judicial decisions and rule that they apply to the facts of this case. As the Court noted in its previous order, federal courts do not have authority to interpret tribal law. (Dkt. No. 43 at 11) (citing *Cayuga Nation v. Tanner*, 824 F.3d 321, 327 (2d Cir. 2016)). Moreover, the Court should not interpret previous tribal decisions in light of DOI's refusal to recognize Tribal leadership since March 24, 2016, when the Tribal Council last had a quorum of duly-elected members. Courts have held that it is appropriate to give deference to DOI's decision not to recognize the authority of individuals to bring a lawsuit on behalf of a tribe. *See, e.g.*, *Cayuga Nation*, 824 F.3d at 327.

As the Second Circuit held in *Cayuga Nation*, "where the authority of the individual initiating the litigation on behalf of a tribe has been called into dispute, the only question we must address is whether there is a sufficient basis in the record to conclude, without resolving the disputes about tribal law, that the individual may bring a lawsuit on behalf of the tribe. *Id*. at 328. The court determined that where DOI recognizes specific entities as the tribal leadership, federal courts should do the same. *Id.* at 330.

Using *Cayuga Nation* as a guide, the Court believes that it is appropriate to defer to DOI's refusal to recognize Nooksack Tribal leadership and find that the holdover Council lacked

authority to bring this lawsuit on behalf of the Tribe. As the Court described in its prior order, there was sufficient evidence in the record for the Court to determine that DOI's recognition decision was reasonable. (*See* Dkt. No. 43 at 2–6.) Nothing has changed since the Court made its ruling that would warrant a different outcome. Therefore, the Court does not find that its holding represented manifest error.

2. The Court's Ruling was not a Manifest Injustice

The Court's dismissal of Plaintiff's claims was not manifestly unjust. Plaintiffs argue that by deferring to DOI's recognition decision, the Court left the Tribe "unable to assert its rights or defend itself in any litigation . . . ." (Dkt. No. 48 at 8.) Again, the Court disagrees. First, as the Court noted in its previous decision, DOI's recognition decision is only made on "an interim basis." *Attorney's Process & Investigation Servs., Inc. v. Sac & Fox Tribe of Miss. in Iowa*, 609 F.3d 927, 943 (8th Cir. 2010). Second, the parties have entered into a process under the MOA which will lead DOI to once again recognize the Tribal Council as the governing body of the Nooksack Tribe. (*See generally* Dkt. No. 54.) If DOI again recognizes the Tribal Council after the elections scheduled for December 2, 2017, Plaintiffs would have authority to pursue their claims. As Defendants correctly point out, however, if DOI recognizes the Tribal Council after the elections, most, if not all, of Plaintiff's claims would be mooted. (Dkt. No. 54 at 5.)

Given that, the Court does not find that the dismissal of Plaintiff's claims caused it to suffer a manifest injustice.

## III. CONCLUSION

For those reasons, Plaintiff's motion for reconsideration (Dkt. No. 45) is DENIED.

DATED this 14th day of November 2017.

John C. Coughenour
UNITED STATES DISTRICT JUDGE